```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-21437-CIV-UNGARO
                              MAGISTRATE JUDGE P. A. WHITE
```

DUANE ISAAC WALKER,           :

      Plaintiff,          :

v.                            :        REPORT OF
                                          MAGISTRATE JUDGE
MIAMI-DADE COUNTY, ET AL.,    :

      Defendant.          :
_____

## I.  Introduction

This Cause is before the Court upon the plaintiff's *pro se* Complaint pursuant to 42 U.S.C. §1983. [DE# 1]. The plaintiff is proceeding *in forma pauperis*. [DE# 10].

This Cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding *in forma pauperis*.

## II.  Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

>    Sec. 1915 Proceedings in Forma Pauperis
>
>    \*   \*   \*
>
>    (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

```
                    *   *   *

          (B) the action or appeal -

                    *   *   *

          (i)  is frivolous or malicious;

          (ii) fails to state a claim on which
          relief may be granted; or

          (iii) seeks monetary relief from a
          defendant who is immune from such
          relief.
```

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

The plaintiff is a pretrial detainee awaiting disposition of criminal proceedings in which he is accused of murdering his child in 2000. The plaintiff seeks declaratory relief and monetary damages. The gravamen of the complaint is that the medical staff at the hospital at which the child was brought is actually responsible for his death due to medical negligence. He claims that the medical have conspired to destroy evidence of their negligence and, as a result, the plaintiff was not granted access to exculpatory evidence. He challenges his revocation of probation based on the alleged murder and he raises claims of prosecutorial misconduct in connection with his pending criminal trial.

This Court cannot grant the plaintiff's request for declaratory judgment or monetary damages. The claims he raises challenge the constitutionality of the his current detention and, as such, are not cognizable in a civil rights case; a habeas corpus action (following the exhaustion of state remedies) is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement, including pre-trial confinement. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488-490 (1973).

Moreover, if a prisoner or detainee brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-487 (1994). In addition, "declaratory or injunctive relief claims which are in the nature of habeas corpus claims - i.e., claims which challenge the validity of the claimant's conviction or sentence and seek release - are simply not cognizable under §1983." <u>Abella v. Rubino</u>, 63 F.3d 1063, 1066

4

(11 Cir. 1995).  The Courts have extended the holding of <u>Heck</u> to claims for damages brought by prisoners attacking the validity of a confinement resulting from probation or parole revocation proceedings. <u>See</u> <u>Littles v. Bd. of Pardons and Paroles Div.</u>, 68 F.3d 122, 123 (5 Cir. 1995) (§1983; parole and probation).

Further, to the extent the plaintiff seeks relief with regard to his pending criminal proceedings, because the plaintiff is a pretrial detainee and his state criminal proceedings are still in progress, this Court is prohibited from interfering therein.  <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37 (1971).  Under <u>Younger</u> and its progeny, federal courts must abstain from interfering with ongoing state criminal proceedings absent extraordinary circumstances.  <u>See</u> <u>Arkebauer v. Kiley</u>, 985 F.2d 1351, 1357 (7 Cir. 1993).  Resolving the plaintiff's Section 1983 claims would significantly interfere with pending state criminal proceedings, and the plaintiff has not alleged that any extraordinary circumstances exist for interfering with his apparently ongoing state case.

### III.  <u>Recommendation</u>

Based on the foregoing, it is recommended that 1) the complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted; and 2) the case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 13th day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE


cc:   Duane Isaac Walker, <u>Pro Se</u>
      No. 64819
      Metro-West Detention Center
      13850 N.W. 41st Street
      Miami, FL 33178